Green, J.
delivered the opinion of the court.
On the 17th day of June, 1806, John Long, sen. executed a power of attorney to James Read, the complainant, by which, “for divers good causes and considerations,” he appointed Read, his true and lawful attorney, and in the name of Long, to act and procure for the use of Read, whatever lands Long might be'entitled to for three years5 services in the revolutionary war. Read made some' attempts to procure a warrant, but failing to obtain one,he removed to the western country. In.1819, Long made a contract with the defendants Henry and Burton, by which they were to procure the warrant, and were to be entitled for that service to one half thereof. Henry and Burton procured the warrant to issue on the 4th of August, 1820, in the name of Long, which was entered in the name of his heirs, (Long having died,) in Fay-ette county, and a grant for 1097 acres issued to them on the 28th of August, 1822.
The power of attorney to Read, to procure for his own use whatever lands Long might be entitled to for his services, was clearly a transfer to Read, of all the right Long had to the warrant in question; but it is contended that Read has not shown he gave any consideration for this warrant, and that the transfer being voluntary, the court will not enforce Read’s claim against the heirs of Long. Proof as to the consideration has been taken on both sides; but we are of opinion its character is too questionable to authorize any satisfactory conclusion. It is not necessary however, in this case, that a consideration should be proved. The power of attorney contains an absolute transfer of all Long’s right; nothing remained by the terms of the instfument for Long to perform. There was no agreement that he should do any subsequent act; *80 it is therefore not an executory, but an executed agree-nient. The warrant issued in the name of Long does not affect the right of the complainant; but as thereby the legal title to the land is vested in the defendants, they hold it in trust for the complainant, who is the rightful owner. For in such a case, a cestui que trust, though a volunteer and the transfer without consideration, is entitled to the aid of a court of equity. The case of Borm vs. Winthrop, (1 John. Ch. Rep. 329,) in which Chancellor Kent recognizes the doctrine laid down by Lord Eldon in Ellison vs. Ellison, (6 Ves. 662,) is in point. The distinction there taken is a sensible one. It is this. “If you want the assistance of chancery to raise an interest by way of trust, on a covenant or executory agreement, you must have a valuable, or meritorious consideration, for the court will not constitute you cestui que trust, when you are a mere volunteer, and the claim rests in covenant, as a covenant to transfer stock. But if the actual transfer be made, the equitable interest will be enforced, for the transfer constitutes the relation'between trustee and cestui que trust, though voluntary and without consideration.” -In the case before the court, the transfer was actually made, and so soon as the warrant issued in the name of Long, the relation of trustee and cestui que trust, was constituted. All the complainant asks, is the enforcement of his equitable interest. That the legal title was vested in Long, who made the transfer by the issuance of tire warrant in his name, can make no difference. He must stand in the same relation to the complainant, that any third person would have occupied, had the legal title been vested in him for the complainant’s benefit.
We think, therefore, that the chancellor was correct in decreeing that the title to the land be vested in complainant.
*81 The complainant objects to the decree allowing one hundred dollars to Burton and Henry for their expenses and trouble, and also objects that this sum is made a charge on the land. We think the allowance very low; at any rate the decree shows that the parties agreed on that sum. They cannot now object to it. It was proper this sum should be made a charge on the land. It is due for services rendered in relation to the land, and it is fit the payment of it should not be left to contingencies. The complainant obtains the aid of the court in enforcing his equity, and he cannot object that it compels him to do equity to others. Let the decree be in all things affirmed.
Decree affirmed.